## E. L. REED *v.* H. B. BLACK

5-5072                                      447 S. W. 2d 660

Opinion delivered December 8, 1969

*George E. Pike,* for appellant.

*Coleman, Gantt, Ramsay & Cox,* for appellee.

J. FRED JONES, Justice. This is a boundary line dispute between adjoining landowners. H. B. Black owns the south half of the southeast quarter of Section 18 and E. L. Reed owns the south half of the southwest quarter of the same section. The two 80 acre tracts join along the west side of the west 40 of the Black tract and the east side of the east 40 of the Reed tract and the true division line, as established by survey, is not in question. An irrigation canal or ditch extends from north to south across the property and is 14 feet east of the division line between the two tracts. An old fence row also extends north and south through the area parallel with the canal and fifty-four feet east of the division line. Black started cleaning out the old fence row and repairing the north end of the canal and Reed started plowing in the canal and asserting ownership of the property between the true division line and the old fence east of the canal by adverse possession. Black filed a

petition in the Arkansas County Chancery Court seeking an injunction and restraining order against Reed from trespassing on Black's property east of the' true division line. The petition was granted and Reed brings this appeal relying upon the following point for reversal:

"The findings of the lower court are against the preponderance of the evidence."

In trying this case de novo on the record before us we cannot say that the chancellor's decree is against the preponderance of the evidence. Black had owned the east 80 acres since prior to 1940 and Reed purchased his west 80 in 1958. Both tracts of land were practically level rice land and drained naturally to the south. Both tracts were originally enclosed with fence and the land use was rotated between rice and cow pasture. Reed removed the fences from his land soon after he purchased it and rotated his land use between rice, oats and soybeans. Both Black and Reed used the canal or ditch for irrigation purposes, but both offered some evidence that they permitted the other to use the canal. Both Black and Reed submitted testimony that they maintained the canal by discing and cleaning it out at least twice every third year when they planted rice. Black also owned a 50 acre tract south of the two 80 acre tracts, and it is undisputed that he raised rice and soybeans on this tract and irrigated it through use of the canal in question. Neither side ever saw the other actually maintaining the canal, but both offered testimony that they did so. There is no evidence as to any maintenance or use at all, of the area east of the canal between the canal and the fence.

According to one witness this area was grown up in bushes higher than his head. Mr. Reed did not know who originally dug the canal. He testified that there was a canal just east of the fence for a period of time. Mr. Verner, who had worked for Black, and who testified

as a witness for Reed, testified that he worked as foreman for the Black estate for a period of six years prior to 1961 and never did know of but one canal between the properties. He testified that he was first on the properties during " '37, '38, '39 and the 40's," and that there was a canal on the east side of the fence at that time, but that when he came back and worked on the property in 1956, the canal was on the west side of the fence. Mr. Verner does not remember more than one canal. He does not say whether the canal or the fence had been moved between 1940 and 1956.

Mr. Schilling testified as a witness for Black. He testified that he worked as farm manager for Black from 1940 until he retired in 1962. He testified that between 1940 and 1945, during Mr. Black's lifetime, a Mr. Franks surveyed the land line between the Black property and that purchased by Mr. Reed; that he and Mr. Black put up stakes at the land corners as directed by the surveyor; that a canal was dug along the east side of the division line and a fence was then constructed by Black's employees east of the canal. He testified that he never did see Mr. Reed using the canal but thinks he did use it.

"Q. You didn't see him using it, all you know about it is you think he used it but you really don't know?

A. No, he didn't use it while we were using it. It was understood that he could use it when Mr. Black's wasn't using it."

Roy Maddox testified that he has been farm manager for the Black estate since 1963 and that he used the canal for the irrigation of soybeans and rice every year except 1964. He says that he disced and cleaned out the canal every year before he used it; that there was no objection to neighbors using the canal, but that he had never seen Reed using the canal since 1963.

Black's clear record title to the property involved

is not questioned. The burden of proving title by adverse possession fell on Reed and we agree with the chancellor that Mr. Reed failed to sustain that burden. (See the numerous cases cited under "Character of Possession," Ark. Stat. Ann. § 37-101 [Repl. 1962]).

The decree is affirmed.